UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY L. SMITH, JR.,

        Petitioner,

v.                                              Case Number: 16-10139

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO
HOLD HABEAS PETITION IN ABEYANCE**

Petitioner, Stanley L. Smith, Jr., recently filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 and a motion to hold the habeas petition in abeyance. (Dkt. # 3). Petitioner alleges that, in 2012, he was convicted of first-degree murder, second-degree murder, armed robbery, felon in possession of a firearm, and possession of a firearm during commission of a felony. He is serving a life sentence for the murders and armed robbery, forty to sixty months in prison for being a felon in possession of a firearm, and two years in prison for possessing a firearm during the commission of a felony. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Smith*, No. 314966 (Mich. Ct. App. June 24, 2014), and on December 30, 2014, the Michigan Supreme Court denied leave to appeal. *See People v. Smith*, 857 N.W.2d 45 (Mich. 2014).

Petitioner signed and dated his habeas corpus petition on January 6, 2016, and on January 11, 2016, the Clerk of the Court filed the petition. The court understands Petitioner's grounds for relief to be: (1) the trial court deprived him of his right of confrontation by limiting defense counsel's cross-examination of a witness; (2) the prosecutor deprived Petitioner of a fair trial by shifting the burden of proof to Petitioner and commenting on Petitioner's silence; (3) the prosecutor presented a tampered crime scene to the jurors; and (4) trial counsel was ineffective for failing to object to the prosecutor's comments and for failing to produce potentially exculpatory evidence.

Petitioner alleges that he raised his first three claims in state court, but not his fourth claim. In his pending motion, he seeks a stay while he returns to the state trial court and files a motion for relief from judgment regarding his trial attorney.

## I. DISCUSSION

The doctrine of exhaustion of state remedies requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *Id.* at 845, 847. Thus, to properly exhaust state remedies, a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

2

Petitioner's pleading is a "mixed" petition of exhausted and unexhausted claims. A federal court ordinarily may not adjudicate "mixed" petitions and must, instead, dismiss the petition without prejudice so that the petitioner can return to state court and present the unexhausted claims to the state court in the first instance. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005) (explaining the Court's holding in *Rose v. Lundy*, 455 U.S. 509 (1982)). But the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to file their habeas corpus petitions. *See* 28 U.S.C. § 2244(d). "As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines v. Weber*, 544 U.S. at 275. For example, "if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period ends are slim." *Id.*

To solve this problem, some courts have adopted a "stay-and-abeyance" procedure whereby a court holds a habeas petition in abeyance while the petitioner returns to state court to exhaust state remedies for previously unexhausted claims. *Id*. at 275. After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

This stay-and-abeyance procedure is appropriate in "limited circumstances," *id*. at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. In such

3

circumstances, the district court should stay, rather than dismiss, the mixed petition because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

Petitioner has alleged that his failure to exhaust was caused by misrepresentations made by his appellate counsel, his unexhausted claims about trial counsel are not plainly meritless, and he is not engaged in dilatory litigation tactics. Furthermore, Petitioner has an available state remedy to exhaust, and a dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations. The court therefore concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies.

## II. CONCLUSION

Accordingly,

IT IS ORDERED that Petitioner's motion to hold his habeas petition in abeyance (Dkt. #3) is GRANTED.

IT IS FURTHER ORDERED that, as a condition of this stay, Petitioner shall file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order.

IT IS FURTHER ORDERED that, if Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to re-open this case within **ninety (90) days** of exhausting state remedies for his new claims. The motion and amended petition shall contain the same case number that

appears on this order, and because amended pleadings generally supersede original pleadings, *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 617 (6th Cir. 2014), the amended habeas petition should include all the claims that Petitioner wants the court to consider. Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims..


      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: April 11, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 11, 2016, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522